M'CAUSLAND *versus* NEAL.

1. Whether a release, entered on the records of a Court, and by which the interest of a party in a suit, be sought to be removed, so as to render him a competent witness, would, in another court, be available between the parties—*Quare.*

2. But *semble*—by the practice of the courts of this State, a release thus entered, would be recognized as a part of the record of the particular case to which applied, *at least in the same court where made.*

3. Where, in a suit, on motion, against a sheriff, in order to render his deputy, (who had given bond to the sheriff,) a competent witness, he entered a release of all claims against him, as such deputy—held that the release was properly made; and that the declaration of the deputy, that his principal should not suffer by his acts, and that he felt in honor bound to secure him from injury, did not render him *incompetent* to testify in the suit.

This case was originally a motion against Neal, sheriff, prosecuted in Madison Circuit court; and the cause of action was the failure of Neal, to return an execution, which had issued on a judgment obtained by the plaintiff in error, against Robinson. Burford, the deputy of Neal, and who had entered into bond to Neal, to secure his proper performance of the duties of deputy, had the possession of the execution; and to render him a competent witness in the cause, Neal entered of record, a release, whereby he relieved the said Burford from all responsibility on the aforesaid bond; and as deputy. But it was in proof that Burford declared, the said Neal should not suffer for any of his acts, as deputy, as he felt himself in honor bound to secure him from any loss. Whereupon, Burford was permitted to testify : and a judgment was had in favor of Neal.

LIPSOMB, C. J.—This was an action brought in a summary way, by motion, against Neal, sheriff of Madison county, for failing to return an execution in favor of the plaintiff, against one Robinson. The execution had been placed in the hands of Burford, one of the sheriff's deputies, who had given bond for the faithful discharge of his trust, and for the indemnification of his principal. A judgment was rendered against the sheriff, and he then, in open court, had entered of record, a release to Burford of all claims against him, to indemnity for his acts in the case of M'Causeland vs. Robinson. The judgment was then, on motion, set aside, and a new trial granted.

At the next term Burford was offered by the sheriff, as a witness in his behalf: and when examined on his *voire dire*, said, " that he had been released by the sheriff, and had been told, and believed, that the release was good in law. On being *further examined*, he said that he had stated to Neal, subsequent to the release, that he should not suffer, in consequence of that, or any other, failure of his, as his deputy: and that he still felt in honor bound to secure him from injury."

An objection was then made to his competency as a witness, on the ground of interest. But the objection was overruled.

It is contended that the Circuit court erred in permitting the entry of release on the record, to be read, as binding on Neal and his securities.

It does not appear that Burford had ever given bond to the sheriff's securities, but that it was only to the sheriff, and his liability was to him. The release was, therefore, as broad as the liability, and could only be made by the sheriff; and he alone could

relinquish that liability, and extinguish the interest that his deputy would have had in the result of the suit.   We have had some difficulty in approving the mode in which the release was entered on the record.   It would certainly have been more correct to have made a deed of release : it is not a matter that fairly belongs to the records of the court; and there possibly would be some difficulty in using a release so made, in any other court, if the rigid rules govern-ing records, should be enforced, as it may be ques-tioned whether an exemplification of the record, un-der the seal of the court, would be evidence of this release.   We believe, however, that long established practice affords, in some measure, a sanction to re-leases made in this way.   And when the whole case is considered, it would not be assuming too much to receive it as a part of the record of the case, at least in the court where it was entered.

It is further contended, that, admitting the release to have been valid, yet the subsequent declaration of the witness, that he felt himself, in honor bound to indemnify his principal, and that he had told him he should not suffer, rendered him incompetent.

The distinction between the competency and cre-dibility of a witness is now well settled; and howev-er refined and subtle it may be in some cases, and the present *Lord Chancellor Brougham,* has shown, that in some, they have been refined into absurdities ; (see speech on the state of the law, 103 :) yet they have been all directed to one point, that of frittering down the objections to the competency of a witness, and reposing more upon the credibility he may obtain with the jury.   The English courts have felt the in-convenience of the rigid rule of law, that a man hav-

ing an interest, however small, in a suit, should be wholly rejected as a witness, and one admitted, who, although not affected by any legal interest, is tempted by every passion of the human heart, to a bias in favor, or against, one of the parties; hence the continued efforts to refine away objections to the competency of a witness, and permitting the testimony to rest on its credibility with the jury. And it is thought, by many able jurists, after a great deal of experience, that the cause of truth and substantial justice, would be essentially promoted by removing, entirely, the objection on the ground of interest, and making all such objections, as now go to the admissibility of a witness, go to to his credibility. The tendency of the decisions in this country, has been in the same direction. And the rule of evidence is now established, by the courts of all the States in the Union, excepting, perhaps, Connecticut, that to exclude a witness on the ground of interest, he must have a legal interest in the result of the suit: all objections short of this, arising out of the peculiar understanding, or relations, subsisting between him and the party in whose favor he is called to testify, will go to his credibility with the jury.

We are therefore of opinion there is no error, and the judgment must be affirmed.